## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| **Plaintiff,** | | **1:99-cv-208** |
| v. | | |
| EVERETT K. GOODWIN, DALE N. GOODWIN, H & H TIRE SALES, COMMOLOCO, INC., and ROBERT SKEOCH, | | |
| **Defendant.** | | |

**TO:**  Angela Tyson-Floyd, Esq., AUSA
    Ellen Donovan, Esq.

### ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER

THIS MATTER came before the Court upon Defendant Robert Skeoch's Motion to Reconsider Order of Sale (Docket No. 74). The government filed a response to said motion. The time for filing a reply has expired. A hearing was held on July 1, 2009. Angela Tyson-Floyd, Esq., AUSA, represented Plaintiff. Ellen G. Donovan, Esq., appeared on behalf of Defendant Robert Skeoch.

Having reviewed the written submissions of the parties and heard the arguments of counsel, the Court finds that it erred when it entered the Order of Sale (Docket No. 73), as submitted and proposed by the government. It is clear that the said Order of Sale does

not incorporate the determinations made by then-Chief District Judge Finch in the Order

(Docket No. 70) and Judgment Order (Docket No. 71) regarding the priority of claims and

judgment in favor of Defendant Skeoch. Consequently, the Court will vacate the Order of

Sale (Docket No. 73) and direct the government to recompute the interest on the Bermudez

mortgage and the Goodwin mortgage #1 as well as the amount payable to Defendant

Skeoch in accordance with the Order (Docket No. 70) and Judgment Order (Docket No. 71).

WHEREFORE, it is now hereby **ORDERED**:

1.　　Defendant Robert Skeoch's Motion to Reconsider Order of Sale (Docket No.

74) is **GRANTED**.

2.　　The Order of Sale (Docket No. 73), entered September 12, 2005, is

**VACATED**.

3.　　Plaintiff, the government, shall submit, within ten (10) days from the date of

entry of this Order, a proposed Order of Sale containing the properly

calculated amount, including interest, payable to the government on the

Bermudez mortgage and the Goodwin Mortgage #1, as well as the amounts

payable to Defendant Skeoch, and including a statement that payments to the

government are limited to payments of the Bermudez mortgage and the

Goodwin mortgage #1, at the correct interest rates, prior to payment to

Defendant Skeoch, all as set forth in Order (Docket No. 70), entered January

16, 2003, and Judgment Order (Docket No. 71), entered August 11, 2003.

ENTER:

Dated: August 11, 2009                    /s/ George W. Cannon, Jr.
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE